IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DONALD J. DOCKERY, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07cv4 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| TIMOTHY P. BURNS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for initial review of the complaint filed by the plaintiff Donald J. Dockery, a state prisoner or pretrial detainee. Also before the court is filing no. 3, the plaintiff's Motion to Proceed In Forma Pauperis ("IFP"). Because the plaintiff is an incarcerated person, the Prison Litigation Reform Act ("PLRA") applies to this case. The PLRA requires the court to screen civil rights complaints brought by incarcerated persons, establishes criteria governing dismissal of complaints brought by persons in custody, and restricts remedies and procedures in prisoner litigation. Similarly, by moving for leave to proceed in forma pauperis, the plaintiff subjects his complaint to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

(A) the allegation of poverty is untrue; or

(B) the action or appeal--

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

In this case, the complaint fails to state a claim on which relief may be granted. The plaintiff has sued a state prosecutor and three state assistant public defenders. The

1

plaintiff states that he spent over 30 months as a pretrial detainee in the Douglas County Correctional Center ("DCCC") after appealing a manipulation of the criminal justice process by Deputy Douglas County Attorney William Ouren. When the plaintiff sought to plead guilty to a charge of theft by deception, the Deputy County Attorney dismissed the charge and immediately refiled it together with an added habitual criminal count. The plaintiff challenges the adequacy of the representation provided by the public defenders who represented or are representing him in the criminal proceedings in the Douglas County District Court. The plaintiff has sued the prosecutor and the public defenders pursuant to 42 U.S.C. § 1983 for violation of the plaintiff's civil rights.

To state a claim on which relief may be granted under 42 U.S.C. § 1983, the plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the defendant(s) acted "*under color of state law*." However, a public defender does not act "under color of state law" for purposes of 42 U.S.C § 1983 when performing traditional functions as counsel for the defendant in a criminal prosecution. See Polk County v. Dodson, 454 U.S. 312, 321-22 (1981) (holding that a public defender does not act under color of state law, as required for an action under § 1983, because a public defender "works under canons of professional responsibility that mandate his exercise of independent judgment on behalf of the client" and because there is an "assumption that counsel will be free of state control"). Therefore, the plaintiff may not sue his public defender(s) under 42 U.S.C. § 1983 in federal court for civil rights violations.

In addition, the Deputy County Attorney has absolute immunity from suit for the functions of initiating a prosecution and presenting the government's case, for conduct occurring in the courtroom, and for actions preliminary to the initiation of a prosecution and apart from the courtroom which relate to the prosecutor's role as advocate. Buckley v. Fitzsimmons, 509 U.S. 259, 272-73 (1993); Imbler v. Pachtman, 424 U.S. 409, 430 (1976).

Most important, the plaintiff has no cause of action under the federal civil rights laws for any of his claims in this case until he has first achieved a favorable outcome in a

habeas corpus or similar collateral attack on his conviction. The United States Supreme Court, in <u>Preiser v. Rodriquez</u>, 411 U.S. 475 (1973), and <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), established that, if success on the merits of a civil rights claim would necessarily implicate the validity of continued confinement for a state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his confinement. See <u>Heck v. Humphrey</u>, 512 U.S. at 486-87:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

See also <u>Muhammad v. Close</u>, 540 U.S. 749, 750 (2004):

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 ... (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement. In <u>Heck v. Humphrey</u>, 512 U.S. 477 ... (1994), we held that where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence .... In each instance, conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas served the practical objective of

3

preserving limitations on the availability of habeas remedies.

The plaintiff may have been aware of those principles, as he attempted to bring a habeas corpus action in Case No. 8:06cv483 in this court. Unfortunately, the court could not help the plaintiff at that time, because a federal habeas corpus action must be dismissed unless the claims have first been exhausted in the state courts, by presentation of all federal claims, after conviction, to the Nebraska Court of Appeals and then in a petition for further review to the Nebraska Supreme Court. Thus, once the plaintiff has exhausted his habeas claims in the state courts he may return to federal court and file a habeas corpus case in this court.[1]

Accordingly, the above-entitled case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted against all defendants. The plaintiff's Motion to Proceed IFP is denied as moot, and thus, no order will be issued directing collection of a filing fee.

THEREFORE, IT IS ORDERED:

1.  That the above-entitled case and the plaintiff's complaint are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

2.  That filing no. 3, the plaintiff's Motion to Proceed In Forma Pauperis, is denied as moot; and

3.  That judgment will be entered in accordance with this Memorandum and Order.

January 22, 2007.        BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge

---

[1] The plaintiff must be careful not to let more than 12 months elapse between his conviction and the filing of a habeas corpus case in this court, except that the time he spends exhausting his claims in the state courts on appeal (and in a postconviction action, if any) do not count toward the 12 months.